UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

    Plaintiff,

v.                                                    Case No. 08-C-601

TOBY SEXTON TIRE CO., INC., et al.,

    Defendants.

**ORDER**

Plaintiff has filed a motion to strike Defendant Manufacturers Distribution Services, Inc.'s answer to the first amended complaint. The complaint was served on the Defendant on April 7, and from that date it had twenty days to file its answer. Fed. R. Civ. P. 12(a)(1)(A)(i). It did not file an answer within that time period, but instead waited until July 13, some eleven weeks late.

Defendant concedes the tardiness of its answer but asserts that it should be excused because it essentially changed its mind about whether to defend the action at all. Having learned that its liability carrier was denying coverage, it initially decided not to defend the action and let a default judgment be entered against it. Later, it reversed course (obviously) and decided to file an answer. It notes that excusable neglect is grounds for allowing a late answer, and whether neglect is excusable is determined by considering the following factors: (i) the danger of prejudice; (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reasons for the delay, including whether it was within reasonable control of the movant; and (iv) whether the movant acted in good faith. *Comerica Bank v. Esposito,* 215 Fed. App. 506, 508 (7th Cir. 2007), citing

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 388 (1993).

The problem with Defendant's argument is that it is premised on the notion that an about-face in legal strategy could be considered "neglect." The rule instead is designed to forgive inadvertence or carelessness, or in some cases it may excuse a plausible misinterpretation of the rules. *Lewis v. School Dist. #70,* 523 F.3d 730, 740 (7th Cir. 2008) (noting that Rule 6(b)(1)(B) extends to some cases in which the delay is "caused by inadvertence, mistake, or carelessness.") (quoting *Pioneer Investment*, 507 U.S. at 388). Nowhere is there any support for the idea that a purely strategic omission, followed by a change of mind, could constitute excusable neglect.

This is not splitting hairs. It is not a stretch to say that the Defendant failed to file an answer on time simply because it didn't want to. It was a purely volitional omission. To allow that as a reason for excusing lateness would undermine the time limit altogether because it would make answering within in the time allowed by Rule 12(a) a purely optional exercise – presumably every defendant could claim it failed to answer on time because it was considering alternative legal strategies. There is no support in the case law for such an outcome. Accordingly, the motion to strike the answer is **GRANTED**.

**SO ORDERED** this 6th day of August, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge